IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELVIS BASIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2181-SMY |
| | ) |
| WARDEN WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Elvis Basic filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to "vacate, set aside [his] 922(g) conviction in Case No. 1:16-cr-26" (Doc. 1, p. 3). He subsequently filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 3).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Factual Background

As an initial matter, this Court takes judicial notice of the criminal and civil dockets relevant to Basic's Petition. *Spaine v. Cmty. Contacts,* Inc., 756 F.3d 542, 545 (7th Cir. 2014) (permitting courts to take judicial notice of publicly available records of court proceedings). On May 23, 2016, Basic entered a guilty plea in *United States v. Basic*, Case No. 1:16-cr-026 (D.N.D.),

to the offense of possession of a firearm by a prohibited person. *United States of America v. Elvis Basic*, 16-cr-26-DLH (Doc. 42, p. 1) (D.N.D. May 23, 2016). He was sentenced on August 23, 2016 to time served and 2 years of supervised release. *United States of America v. Elvis Basic*, 16-cr-26-DLH (Doc. 54, pp. 2-3) (D.N.D. Aug. 23, 2016). Basic subsequently violated the conditions of his supervised release and was sentenced to an additional 21 months of imprisonment on May 16, 2019. *United States of America v. Elvis Basic*, 16-cr-26-DLH (Doc. 103, pp. 1-2) (D.N.D. May 16, 2019). Basic did not appeal the revocation sentence.

On March 10, 2022, Basic filed a motion to vacate in his conviction for possession of a firearm by prohibited person under 28 U.S.C. § 2255 (opened as a separate civil case under Case No. 22-cv-00043). *United States of America v. Elvis Basic*, 16-cr-26-DLH (Doc. 114) (D.N.D. Mar. 10, 2022). After an initial review, on July 25, 2022, the Honorable Daniel L. Hovland ordered the Government to file a response to the motion within 60 days and allowed Basic to file a reply 30 days thereafter. *United States of America v. Elvis Basic*, 16-cr-26-DLH (Doc. 117) (D.N.D. Jul. 25, 2022). Basic filed the instant § 2241 Petition on September 19, 2022 while his § 2255 petition remains pending.

Basic remains incarcerated on another charge. On February 15, 2019, he was convicted after jury trial of three counts of conspiracy to distribute and possess with intent to distribute controlled substances in *United States v. Basic*, Case No. 1:18-cr-125 (D.N.D.). *United States of America v. Elvis Basic*, 18-cr-125-DLH (Doc. 68, pp. 1-2) (D.N.D. Feb. 15, 2019). On May 16, 2019, he was sentenced to 120 months of imprisonment and 3 years of supervised release, to run concurrent with his sentence in Case No. 1:16-cr-026. *United States of America v. Elvis Basic*, 18-cr-125-DLH (Doc. 90, pp. 3-4) (D.N.D. May 16, 2019). He appealed the judgment of conviction in Case No. 1:18-cr-125 to the Eighth Circuit. *United States of America v. Elvis Basic*,

18-cr-125-DLH (Doc. 95) (D.N.D. May 28, 2019).  The Eighth Circuit subsequently affirmed his conviction and that of his codefendant.  *United States v. Shaw*, 965 F.3d 921 (8th Cir. 2020).  His Petition for Writ of Certiorari was denied by the United States Supreme Court.  *Basic v. United States*, 141 S.Ct. 1253 (2021).

## Discussion

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence to bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. See, *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of [him] detention."  *Id.*

"A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in [his] conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).  A petitioner must satisfy three conditions to trigger the savings clause: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Pursuant to § 2241, Basic requests that this Court vacate or set aside his 922(g) conviction for possession of a firearm by a prohibited person in Case No. 16-CR-26 and asserts that the conviction was improperly used as an enhancement during sentencing. Neither position is tenable.

First, Basic invokes *Mathis v. United States,* 136 S. Ct. 2243 (2016) and *Rehaif v. United States*, 139 S.Ct. 2191 (2019) in both his Petition under 28 U.S.C. § 2255 in the District of North Dakota and in the instant Petition. (Doc. 1, pp. 1-3); *United States of America v. Elvis Basic*, 16-cr-26-DLH (Doc. 103, pp. 2-3) (D.N.D. May 16, 2019). As such, he cannot show that he is relying on decisions that he could not have invoked in his first § 2255 petition. *Brown*, 719 F.3d at 586. Moreover, Basic's challenge to the sentence for his revocation of supervised release became moot on or about February 2021, as a petitioner must be in federal custody for the conviction from which he seeks relief (or at least under supervision) to obtain habeas relief – Basic's sentence in 16-cr-26 was satisfied around that time. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Even if this Court were to consider that the 2016 conviction for felon in possession of a firearm may have been improperly used to enhance the sentence for Basic's second conviction for which he is serving a 120-month sentence, habeas relief is unavailable because he cannot show a miscarriage of justice. In 2019, Basic was convicted of three counts of conspiracy to distribute and possess with intent to distribute a controlled substance pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), 18 U.S.C. § 2, and 21 U.S.C. § 846. *United States of America v. Elvis Basic*, 18-cr-125-DLH (Doc. 90, pp. 1-2) (D.N.D. May 16, 2019), and was sentenced to 120-months of imprisonment, which is below the potential maximum sentence for these counts. 21 U.S.C. § 841(b)(1)(C). See, *Hawkins v. United States,* 724 F.3d 915, 917 (7th Cir. 2013) (postconviction relief is not proper where "the judge, though he could lawfully have imposed the sentence that he

did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly").

## Disposition

For the foregoing reasons, Petitioner Elvis Basic's 28 U.S.C. § 2241 Petition is **DISMISSED** with prejudice. All pending motions are **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Basic wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Basic does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: October 20, 2022**

**STACI M. YANDLE**
**United States District Judge**